370 Lexington Avenue
New York, NY 10017
Telephone: (212) 370-1300
Facsimile: (212) 370-7889
www.egsllp.com

JAN 14 2008

ANTHONY GALANO, III
e-mail: agalano@egsllp.com
Direct Facsimile (212) 370-0804

January 14, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/7/08

**Via Facsimile**
Honorable Richard J. Holwell
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: James Williams v. Citibank, N.A. and Citibank (South Dakota), N.A.,
Dkt. No.: 07 CV 6680 (RJH): **Pre-Motion Conference Letter**

Dear Judge Holwell:

We represent defendants Citibank (South Dakota), N.A. ("Citibank" or "Citibank (South Dakota)") and Citibank. N.A. (together, the Citi Defendants) in the above referenced case. Pursuant to Your Honor's Individual Rules of Practice, we write to request a pre-motion conference on a motion to dismiss for failure to state a claim (the "Motion") to be filed by the Citi Defendants in response to Plaintiff's Amended Complaint (the "Complaint"). The Complaint alleges various claims pertaining to two credit card accounts issued by Citibank (together, the "Accounts"). Although Plaintiff attempts to assert different types of statutory and tort causes of action, the reality is that the instant dispute is a simple contract case wherein Plaintiff seeks to avoid paying his Citibank Accounts, which have balances owing together in excess of $40,000. Indeed, although beyond the scope of the Motion, both Accounts have been charged off for non-payment. The plaintiff is proceeding Pro Se and seeks a total of $150,000.00 in compensatory damages and $10,000,000.00 for punitive damages.

In the Complaint, Plaintiff alleges Seven Counts for: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (2) violation of New York General Business Law Article 29-11 § 601 ("GBL § 601") (New York's debt collection practices act); (3) violation of New York General Business Law Article 22-A, § 349 ("GBL § 349"); (4) breach of contract; (5) breach of fiduciary duty; (6) fraud; and (7) outrageous conduct.

As an initial matter, defendant Citibank N.A. seeks to dismiss all Counts against it because, based on the express terms of the cardmember agreement attached to the Complaint by Plaintiff, Citibank N.A. is not the issuer of Plaintiff's Accounts. See Compl., Ex. A, p. 1. Rather, the Accounts are issued by defendant Citibank (South Dakota), N.A., a national bank

located in South Dakota. Accordingly, based on the controlling language of the cardmember agreement relied upon by Plaintiff, he has no standing to sue Citibank, N.A. See Matusovsky v. Merrill Lynch, 186 F.Supp.2d 397, 400 (S.D.N.Y.2002) (where the plaintiff's allegations are contradicted by a document that the plaintiff has attached as an exhibit in support of its complaint, the document controls); see also Schiavone v. United States, 766 F.2d 70, 75 (2d Cir.1985) ("[W]hen a plaintiff lacks standing the court must dismiss the case on that ground, and it is unnecessary to intimate a view as to the merits of the claim.") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 n. 6, 93 S.Ct. 1146, 35 L.Ed.2d 536(1973)).

In addition, defendant Citibank (South Dakota) (the undisputed issuer of Plaintiff's credit card accounts) seeks to dismiss all Counts except for Plaintiff's Fourth Count for breach of contract. These six claims fail as a matter of law for various reasons, including:

- The FDCPA does not apply to a creditor like Citibank. "[A] plain reading of the statute reveals that generally, as a matter of law, 'creditors are not subject to the FDCPA.'" Doherty v. Citibank (South Dakota) N.A., 375 F. Supp. 2d 158, 161-62 (E.D.N.Y. 2005) (quoting Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir.1998)). Applying this black letter law, Courts have routinely dismissed cases brought against Citibank and its affiliates under the FDCPA for the very reason that Citibank is not a "debt collector." See, e.g., Pacheco v. Citibank (South Dakota), N.A., 2007 WL 1241934, *1; Doherty v. Citibank (South Dakota) N.A., 375 F. Supp. 2d at 162; Duncan v. Citibank (South Dakota) N.A., 2006 WL 4063022, at *3; Kloth v. Citibank (South Dakota), N.A., 33 F. Supp. 2d 115, 119 (D. Conn. 1998).

- Plaintiff's state law claims based on New York law fail because of the South Dakota choice-of-law provision contained in Plaintiff's Card Agreement (which is attached to the Complaint as Exhibit A). See Compl., Ex. A, p. 15.

- In addition to being barred by the South Dakota choice-of-law provision in the Card Agreement, Plaintiff's Second Count for violation of GBL § 601 fails as a matter of law because there is no private right of action under the statute. "The New York Court of Appeals has stated unequivocally that Section 601 does not supply a private cause of action." Conboy v. AT&T Corp., 241 F.3d 242, 258 (2d Cir. 258); see Varela v. Investors Ins. Holding Corp., 81 N.Y.2d 958, 961, 598 N.Y.S.2d 761, 762, 615 N.E.2d 218 (1993) (explaining that Article 29 H of the General Business Law, which includes Section 601, "authorizes only the Attorney General or a District Attorney to commence an action for violation of its provisions").

- In addition to the choice-of-law issue, Plaintiff's Third Count for violation of GBL § 349 fails to state a claim because: (i) Plaintiff cannot predicate a GBL § 349 claim on a GBL § 601 claim for which there is no private right of action (see Conboy, 241, F.3d at 258 ("plaintiffs cannot thwart legislative intent by couching a Section 601 claim as a Section 349 claim"); (ii) Plaintiff fails to allege any material misrepresentation made by Citibank (South Dakota) (see id.); and (iii) to the extent Plaintiff generally seeks to challenge Citibank's lending practices or interest rates,

Plaintiff's claims are expressly preempted by federal law, including the National Bank Act ("NBA"), 12 U.S.C. § 24 (Seventh), 12 C.F.R. § 7.4008; Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 11, 123 S. Ct. 2058, 2064, 156 L. Ed. 2d 1 (2003); 12 U.S.C. §§ 85, 86

- Plaintiff's Fifth Count fails as a matter of law because, under South Dakota law, "the relationship between a lender and a debtor does not automatically create a fiduciary relationship." Cowan Brothers, L.L.C. v. American State Bank, --- N.W.2d ----, 2007 WL 4481932, *6 (S.D. Dec. 19, 2007) (citing LBM, Inc. v. Rushmore State Bank, 543 N.W.2d 780, 785 (S.D. 1996)). "Rather, the relationship between a bank and its borrower is generally considered to be a debtor-creditor relationship 'which imposes no special or fiduciary duties on a bank.'" Id. (quoting LBM, 543 N.W.2d at 785) (citations omitted). New York law is in accord. See Bank Leumi Trust Co. of N.Y. v. Block 3102 Corp., 180 A.D.2d 588, 580 N.Y.S.2d 299, 301 (1st Dep't 1992).

- Plaintiff's Sixth Count for fraud fails because: (i) Plaintiff fails to allege fraud with specificity; and (ii) Plaintiff's fraud claim is improperly based on an alleged misrepresentation about a future event (that Citibank "would use lawful and good faith efforts to address errors and problems that could arise in plaintiff's CitiCard MasterCard accounts"), which is not actionable. See Compl., ¶ 63; Meyer v. Santema, 559 N.W.2d 251, 255 (S.D. 1997) (representations as to future events are not actionable and must be of past or existing facts).

- Plaintiff's Seventh Count for "outrageous conduct" fails because: (i) there is no valid claim entitled "outrageous conduct"; and (ii) to the extent Plaintiff purports to allege a claim for intentional infliction of emotional distress ("IIED"), Plaintiff fails to allege facts sufficient to support such a claim (i.e., debt collection activity is not sufficient to state claim for IIED). See Citibank (S.D.), N.A. v. Hauff, 668 N.W.2d 528 (S.D. 2003); Conboy, 241, F.3d at 258.

Although we have attempted to make contact with Plaintiff regarding this case and discuss the patent defects in the Complaint, Plaintiff has not returned our telephone messages. Accordingly, the Citi Defendants respectfully request that this Court dismiss the entire Complaint with prejudice as against Citibank, N.A. and dismiss the First, Second, Third, Fifth, Sixth and Seventh Counts with prejudice as against Citibank. This case is a simple breach of contract case, and Plaintiff's attempt to manufacture claims so as to create additional burden and expense for Citibank and avoid his credit card debt should not be tolerated.

Respectfully Submitted,

Anthony Galano, III (9950)

Application Granted. A pre-motion conference will not be necessary. Defendants shall file moving papers by March 3, 2008. Plaintiff's opposition papers shall be filed by April 1, 2008. Defendants' reply papers shall be filed by April 14, 2008

SO ORDERED RJ Holwell USDJ 2/1/08

Case 1:07-cv-06680-RJH-KNF     Document 10     Filed 02/07/2008     Page 4 of 5

cc: (Via Facsimile)
Honorable Kevin Nathaniel Fox
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 540
New York, New York 10007

James Williams, Pro Se
P.O. Box 4082
Grand Central Station
New York, NY 10163