Richard P. Kaye (RK 2016)
Anthony Galano, III (AG 9950)
ELLENOFF GROSSMAN & SCHOLE LLP
370 Lexington Avenue – 19th Floor
New York, New York 10022
(212) 370-1300
Attorneys for Defendants Citibank (South Dakota), N.A.
And Citibank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JAMES WILLIAMS,                                           :
                                                         :  Dkt. No. 07 CV 6680
                                                         :  (RJH)(KNF)
                       Plaintiff,                        :
                                                         :
        -against-                                        :
                                                         :
CITIBANK (SOUTH DAKOTA) N.A. & CITIBANK                  :
N.A.,                                                    :
                       Defendants                        :
-------------------------------------------------------------------x


# DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

Preliminary Statement ................................................................................................... 1

Statement Of Facts ....................................................................................................... 2

Argument

I.      Legal Standard On A Motion To Dismiss ............................................................ 3

II.     Based On The Express Terms Of The Card Agreement, Plaintiff Lacks Standing To Sue Citibank, N.A. ................................................................................................................ 5

III.    The Allegations Of The Complaint Confirm That Citibank (South Dakota) Is Not A "Debt Collector" Subject To The FDCPA ............................................................................. 6

IV.     Plaintiff's Claims Based On New York Law Fail Because Of The South Dakota Choice-Of-Law Provision Contained In Plaintiff's Card Agreement. ......................................... 9

V.      There Is No Private Right Of Action Under GBL § 601. ..................................... 10

VI.     Plaintiff's Third Count For Violation Of GBL § 349 Fails to State Any Claim .............. 11

VII.    Plaintiff's Fifth Count For Breach Of Fiduciary Duty Fails As A Matter Of Law Because The Only Relationship Between Plaintiff And Citibank (South Dakota) Is A Creditor/Debtor Relationship. ................................................................................................................... 14

VIII.   Plaintiff's Sixth Count For Fraud Fails To State A Claim ................................... 15

IX.     Plaintiff's Seventh Count For "Outrageous Conduct" Fails To State A Claim. ............... 16

Conclusion ...................................................................................................................... 18

i

## **TABLE OF AUTHORITIES**

**Cases**

Am. Special Risk Ins. Co. v. Delta Am. Re Ins. Co., 836 F.Supp. 183, 188 (S.D.N.Y. 1993) ...... 9

\American Bankers Ass'n v. Lockyer, 239 F. Supp. 2d 1000, 1016 (E.D. Cal. 2002) ................ 13

Anderson v. First Century Federal Credit Union, 738 N.W.2d 40, 51-52 (S.D. 2007) ............... 17

Architectronics, Inc. v. Control Sys. Inc., 935 F.Supp. 425, 431 (S.D.N.Y. 1996) ........................ 9

Aschoff v. Mobil Oil Corp., 261 N.W.2d 120, 124 (S.D.1977) .................................................... 15

Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) ........................................ 7

Bank of America v. San Fran., 309 F.3d 551, 558-59 (9th Cir. 2002) ......................................... 13

Barnett Bank of Marion County v. Nelson,
    517 U.S. 25, 33, 116 S. Ct. 1103, 134 L. Ed. 2d 237 (1996) ...................................... 13

Bell Atlantic Corp. v. Twombly,
    U.S., 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) .............................................. 4

Beneficial Nat'l Bank v. Anderson,
    539 U.S. 1, 11, 123 S. Ct. 2058, 2064, 156 L. Ed. 2d 1 (2003) .................................. 14

Bolt Elec., Inc. v. City of N.Y., 53 F.3d 465, 469 (2d Cir.1995) ................................................. 3

Brass v. American Film Tech., Inc., 987 F.2d 142, 150 (2d Cir.1993) ......................................... 4

Brown v. Citibank (South Dakota), N.A.,
    No. 5:06-cv-123-FL, 2006 U.S. Dist. LEXIS 82785 (E.D.N.C. Oct. 19, 2006) ........................ 9

Brown v. New York City Hous. Auth.,
    No. 05 Civ. 7332, 2006 U.S. Dist. LEXIS 30193, at *4-5 (S.D.N.Y. May 16, 2006) ................ 4

Citibank (S.D.), N.A. v. Hauff, 668 N.W.2d 528 (S.D. 2003) ...................................................... 17

Colo. Capital v. Owens,
    227 F.R.D. 181, 2005 U.S. Dist. LEXIS 5219, at *9 (E.D.N.Y. 2005) ................................. 5

Conboy v. AT&T Corp., 241 F.2d 242, 258 (2d Cir. 258) ...................................................... 10, 17

Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) .......................................... 4

Cowan Brothers, L.L.C. v. American State Bank,
    N.W.2d, 2007 WL 4481932, *6 (S.D. Dec. 19, 2007) ............................................. 15

Dahlhammer v. Citibank (South Dakota) N.A.,
    No. 05-CV-1749, 2006 U.S. Dist. LEXIS 86859 (M.D. Pa. Nov. 30, 2006) ............................. 9

Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2d Cir.1982) ................................... 5

Doherty v. Citibank (South Dakota) N.A., 375 F. Supp. 2d 158, 161-62 (E.D.N.Y. 2005) ....... 7, 8

Duncan v. Citibank (South Dakota), N.A.,
    No. Civ. 06-0246 JB/KBM, 2006 WL 4063022, at *3 (D.N.M. Jun. 30, 2006) ......................... 8

First Nat'l Bank v. Cal., 262 U.S. 366, 369, 43 S. Ct. 602, 67 L. Ed. 1030 (1923) ................... 13

Gatz v. Frank M. Langenfeld & Sons Constr. Inc.,
    356 N.W.2d 716, 718 (Minn.Ct.App.1984) ................................................................. 15

Grynberg v. Citation Oil and Gas Corp., 573 N.W.2d 493, 502 (S.D. 1997) .............................. 15

Harrison v. NBD Inc., 968 F. Supp. 837, 843 (E.D.N.Y. 1997) ............................................. 7

Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.,
    230 F.3d 549, 556 (2d Cir.2000) ............................................................................ 9

Holy Cross Parish v. Huether, 308 N.W.2d 575, 576 (S.D.1981); SDCL 20-10-1 ...................... 15

Howell v. New York Post Co.,
    81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 353, 612 N.E.2d 699 (1993) ................................... 17

In re Marsh, 2006 WL 2057194, at *8 ................................................................... 5

Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) ...................................................... 4

Kjerstad v. Ravellette Publications, Inc., 517 N.W.2d 419, 429 (S.D.1994) ............................... 17

Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) .......................................... 9

Kloth v. Citibank (South Dakota), N.A., 33 F. Supp. 2d 115, 119 (D. Conn. 1998) ...................... 8

Lava Trading Inc. v. Hartford Fire Ins. Co.,
    No. 03 Civ. 7037(PKC), 2004 WL 555723, at *3 (S.D.N.Y. Mar. 19, 2004) ......................... 11

LBM, Inc. v. Rushmore State Bank, 543 N.W.2d 780, 785 (S.D. 1996) .................................. 14

Lewis v. ACB Bus. Servs, Inc., 135 F.3d 389, 411 (6th Cir. 1998) ...................................... 8

iii

Linda R.S. v. Richard D., 410 U.S. 614, 619 n. 6, 93 S.Ct. 1146, 35 L.Ed.2d 536(1973) ............. 6

Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir.1998) ..................................... 7

Marquette Nat'l Bank v. First of Omaha Serv. Corp.,
    439 U.S. 299, 314-15, 99 S. Ct. 540, 58 L. Ed. 2d 534 (1978)................................................. 13

Matusovsky v. Merrill Lynch, 186 F.Supp.2d 397, 400 (S.D.N.Y.2002) ....................................... 4

Maurizio v. Goldsmith, 230 F.3d 518, 521-22 (2d Cir. 2000)...................................................... 11

Meads v. Citicorp Credit Services, Inc., 686 F. Supp. 330, 333-34 (S.D. Ga. 1988).................... 8

Meyer v. Santema, 559 N.W.2d 251, 255 (S.D. 1997)................................................................. 15

Montgomery v. Huntington Bank, 346 F.3d 693, 698-99 (6th Cir. 2003) ..................................... 8

Murray v. Citibank (South Dakota), N.A. and NCO Financial Systems, Inc.,
    No. 04 C 3294, 2004 WL 2367742 at *2 (N.D. Ill. October 19, 2004) ..................................... 8

Nelson v. WEB Water Dev. Ass'n, Inc., 507 N.W.2d 691, 698 (S.D.1993)................................. 17

Northeastern Florida Contractors v. City of Jacksonville,
    508 U.S. 656, 663, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993)................................................... 6

O'Shea v. Littleton, 414 U.S. 488, 493, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)............................... 6

Pacheco v. Citibank (South Dakota), N.A., 2007 WL 1241934 ..................................................... 8

Pavone v. Citicorp Credit Servs., Inc., 60 F. Supp. 2d 1040, 1047-48 (S.D. Cal. 1997)............... 8

Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ................................................... 7

Platsky v. CIA, 953 F.2d 26, 28 (2d Cir. 1991)............................................................................. 5

Ray v. Citibank (South Dakota), N.A., 187 F. Supp. 2d 719, 722 (W.D. Ky. 2001) .................... 8

Richardson v. East River Elec. Power Coop., Inc., 531 N.W.2d 23, 27 (S.D.1995).................... 17

Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 51 (2d Cir. 1992) ................................. 11

Rowe v. Educational Credit Management Corp., 465 F. Supp. 2d 1101, 1103 (D.Or. 2006)........ 8

Sankowski v. Citibank (South Dakota), N.A.,
    Civil Action No. 06-CV-02469, 2006 WL 2037463 (E.D. Pa. July 14, 2006)........................... 8

iv

Schiavone v. United States, 766 F.2d 70, 75 (2d Cir.1985) .................................................... 6

Schmitt v. FMA Alliance, 398 F.3d 995, 998 (8th Cir. 2005) .................................................. 7

Schwartz v. Dennison, 518 F. Supp. 2d 560, 566 (S.D.N.Y. 2007) ........................................ 3

Shamburger v. Grand Casino of Mississippi, Inc.,
    84 F. Supp. 2d 794, 801 (S.D. Miss. 1998) ....................................................................... 7

Smiley v. Citibank (South Dakota), N.A.,
    517 U.S. 735, 737-38, 744, 116 S. Ct. 1730, 135 L. Ed. 2d 25 (1996) ........................ 10, 14

Smith v. Chase Manhattan Bank, USA, N.A.,
    293 A.D.2d 598, 741 N.Y.S.2d 100, 102 (2d Dep't 2002) .................................................. 11

Stevelman v. Alias Research Inc., 174 F.3d 79, 84 (2d Cir.1999) ........................................... 5

Stutman v. Chem. Bank, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000) ............ 11

Stutman v. Chemical Bank,
    95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 895, 731 N.E.2d 608 (2000) .................................... 12

Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) .......................................................... 17

Thomasson v. Bank One, Louisiana, N.A., 137 F. Supp. 2d 721, 724 (E.D. La. 2001) ............... 7

Tibke v. McDougall, 479 N.W.2d 898, 907 (S.D.1992) ......................................................... 17

Varela v. Investors Ins. Holding Corp.,
    81 N.Y.2d 958, 961, 598 N.Y.S.2d 761, 762, 615 N.E.2d 218 (1993) .................................. 10

Waddell v. Dewey County Bank, 471 N.W.2d 591, 593 (S.D.1991) ......................................... 15

Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106 (6th Cir. 1996) ................................ 7

Wall v. CSX Transp., Inc., 471 F.3d 410, 415 (2d Cir. 2006) ................................................. 9

## Statutes

12 C.F.R. § 7.4008(d)(1) ...................................................................................................... 13

12 U.S.C. § 24 (Seventh) ...................................................................................................... 13

12 U.S.C. §§ 85, 86 .............................................................................................................. 14

15 U.S.C. § 1692 .................................................................................................................. 1

53 Fed. Reg. 50,087, 50,102 (1988) ............................................................................ 7

Fed.R.Civ.P. 9(b) ......................................................................................................... 5

Fed.R.Civ.P. Rule 8(a) ................................................................................................ 4

GBL § 349 .................................................................................. i, 1, 11, 12, 14

GBL § 349(a) ............................................................................................................. 11

National Bank Act, 12 U.S.C. § 21 ........................................................................... 13

New York General Business Law Article 22-A, § 349 ............................................... 1

New York General Business Law Article 29-11 § 601 ............................................... 1

## Preliminary Statement

Defendants Citibank (South Dakota), N.A. ("Citibank (South Dakota)") and Citibank, N.A. hereby move to dismiss the Amended Complaint ("FAC") filed by pro se plaintiff James Williams ("Plaintiff") for failure to state a claim. The FAC alleges various claims pertaining to two credit card accounts issued by Citibank (together, the "Accounts"). Although Plaintiff attempts to assert different types of statutory and tort causes of action, the reality is that the instant dispute is a simple contract case wherein Plaintiff seeks to avoid paying his Citibank Accounts, which have balances owing together in excess of $40,000.

Defendant Citibank N.A. seeks to dismiss all Counts against it because, based on the express terms of the cardmember agreement attached to the FAC by Plaintiff, Citibank N.A. is not the issuer of Plaintiff's Account. Accordingly, based on the controlling language of the cardmember agreement relied upon by Plaintiff, he has no standing to sue Citibank, N.A.

In addition, defendant Citibank (South Dakota) (the undisputed issuer of Plaintiff's credit card accounts) seeks to dismiss all Counts except for Plaintiff's Fourth Count for Breach of Contract. These include the First Count for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Second Count for Violation of New York General Business Law Article 29-11 § 601 ("GBL § 601"), the Third Count for violation of New York General Business Law Article 22-A, § 349 ("GBL § 349"), the Fifth Count for Breach of Fiduciary Duty, the Sixth Count for Fraud, and the Seventh Count for Outrageous Conduct. As discussed below, these claims fail as a matter of law for various reasons, including that: (i) the FDCPA does not apply to a creditor like Citibank; (ii) there is no private right of action for violation of GBL § 601; (iii) Plaintiff's claim based on GBL § 349 fails to state a claim based on, among other things, the South Dakota choice-of-law provision in the applicable cardmember

1

agreement and federal preemption; (iv) Citibank, a creditor, is not a "fiduciary"; and (v) Plaintiff

fails to allege facts sufficient to state claims for fraud and outrageous conduct.

Accordingly, Citibank (South Dakota) and Citibank, N.A. respectfully request that this

Court dismiss the FAC with prejudice as against Citibank, N.A. and dismiss the First, Second,

Third, Fifth, Sixth and Seventh Counts with prejudice as against Citibank (South Dakota).

## Statement Of Facts[1]

Plaintiff alleges that he "was a non-corporate customer of CitiBank via its franchise

product, CitiCard Mastercard, and maintained two separate accounts:  (1) Acct. No. [xxxx-xxxx-

xxxx]-7065 [the '7065 Account']; and (2) Acct. No.: [xxxx-xxxx-xxxx]-2606 [the '2606

Account']."[2]  FAC, ¶ 8.  Plaintiff alleges that each Account "was timely paid each monthly

billing statement period or timely paid off in its entirety each monthly billing statement period."

Id.  According to Plaintiff, he supposedly "never missed a payment when due, nor late [sic] in

making any payments."  Id.

Plaintiff concedes that "defendants issued a 'Card Agreement' to plaintiff" for each of the

Accounts at issue.  FAC, ¶ 10, Ex. A.  The Card Agreement includes the following salient terms,

among others:

> The words *we, us*, and *our* mean Citibank (South Dakota), N.A., the issuer of your
> account. . . .
>
> ***Variable Annual Percentage Rates for Purchases and Cash Advances:***
> . . .
> Your annual percentage rates may also vary if you default under any Card Agreement
> that you have with us because you fail to make a payment to us when due, you exceed
> your credit line, or you make a payment to us that is not honored.  In such circumstances,
> we may increase your annual percentage rates (including any promotional rates) on all

---

[1] This Statement of Facts is based on the allegations of Plaintiff's Complaint, in accordance with the standard applicable to a motion under Fed. R. Civ. P. 12(b)(6).  Citibank denies the allegations of Plaintiff's Complaint, and specifically denies that it is liable to Plaintiff in any amount or for any relief.

[2] Although Plaintiff has set forth the full account numbers in the FAC, Citibank attempts to maintain the confidentiality of its customers' private information, including account numbers, even though the Accounts have been closed and charged off as a result of Plaintiff's failure to pay.

balances to a variable default rate of up to the rate indicated on the accompanying letter.

. . .

***Payments:***

You must pay at least the minimum amount due by the payment due date . . . .

…

***Default:***

You default under this Agreement if you fail to pay, but its due date, the Minimum Amount Due listed on each billing statement; . . . exceed your credit line . . .

…

***Collection Costs***:

If we refer collection of your account to a lawyer who is not our salaried employee, you will be liable for any reasonable attorney's fees we incur, plus the costs and expenses of any legal action, to the extent permitted by law.

…

***Applicable Law***

The terms and enforcement of this Agreement shall be governed by federal law and the law of South Dakota, where we are located.

FAC, Ex. A.

Plaintiff vaguely claims that Citibank allegedly increased the interest rates on his Accounts to 32.40% based on Plaintiff's failure to abide by his obligations under the Card Agreement. FAC, ¶¶ 13-22, Exs. B-E. According to Plaintiff, he did not default under any terms of the Card Agreement, an allegation that Citibank contests. See id. Regardless, taking the allegations of the FAC as true (including the governing terms of the Card Agreement), Plaintiff claims that Citibank assessed late fees and over-credit-limit fees, charged Plaintiff compound interest at 32.240%, made attempts to collect on the debt owed, and issued derogatory credit report information regarding the Accounts. See id. ¶ 23(a)-(h).

**Argument**

**I.     Legal Standard On A Motion To Dismiss**

"When considering a motion to dismiss under Rule 12(b)(6), the Court 'must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff.'" Schwartz v. Dennison, 518 F. Supp. 2d 560, 566 (S.D.N.Y. 2007) (quoting Bolt Elec., Inc. v. City of N.Y., 53 F.3d 465, 469 (2d Cir.1995) (citations omitted)). Under

3

Fed.R.Civ.P. Rule 8(a), the complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."). To be viable, a complaint "requires more than labels and conclusions, and a formalistic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, ---U.S. ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965; see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.").

"The Court is generally limited to 'the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied in bringing suit.'" Schwartz, 518 F. Supp. 2d at 566-67 (quoting Brass v. American Film Tech., Inc., 987 F.2d 142, 150 (2d Cir.1993). Critically here, where allegations set out in the complaint are contradicted by other matters asserted or by materials attached to or incorporated by reference in the complaint, the court is not obliged to credit the allegations in the complaint. Brown v. New York City Hous. Auth., No. 05 Civ. 7332, 2006 U.S. Dist. LEXIS 30193, at *4-5 (S.D.N.Y. May 16, 2006). Where the plaintiff's allegations are contradicted by a document that the plaintiff has attached as an exhibit in support of its complaint, the document controls. See Matusovsky v. Merrill Lynch, 186 F.Supp.2d 397, 400 (S.D.N.Y.2002).

Furthermore, averments of fraud must be "stated with particularity." Fed.R.Civ.P. 9(b). Such pleading requires the plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" In re Marsh, 2006 WL 2057194, at *8 (quoting Stevelman v. Alias Research Inc., 174 F.3d 79, 84 (2d Cir.1999)). As the Second Circuit has noted, it "is a serious matter to charge a person with fraud and hence no one is permitted to do so unless he is in a position and is willing to put himself on record as to what the alleged fraud consists of specifically." Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2d Cir.1982).

Although courts are more lenient with a *pro se* plaintiff, like Plaintiff here, a *pro se* plaintiff must still comport with the procedural and substantive rules of law. See Colo. Capital v. Owens, 227 F.R.D. 181, 2005 U.S. Dist. LEXIS 5219, at *9 (E.D.N.Y. 2005). Indeed, when it is "beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief," even a *pro se* plaintiff's complaint may be dismissed with prejudice. Platsky v. CIA, 953 F.2d 26, 28 (2d Cir. 1991).

## II.     Based On The Express Terms Of The Card Agreement, Plaintiff Lacks Standing To Sue Citibank, N.A.

Plaintiff sues Citibank, N.A. based solely on allegations that it is "under common ownership and control" with Citibank (South Dakota), N.A., and that Citibank (South Dakota), N.A. performs billing, payment processing, customer service and collections for Citibank, N.A. Plaintiff does not, however, allege that Citibank, N.A. issued the two Accounts upon which this action is predicated. Nor can he based on the Card Agreement attached to the FAC and relied upon by Plaintiff himself.

It is fundamental that any party bringing a lawsuit must allege an actual case or controversy to establish standing in federal court. See O'Shea v. Littleton, 414 U.S. 488, 493, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). The plaintiff must allege and prove that: (1) he or she has suffered an injury; (2) the injury is traceable to the defendant's conduct; and (3) a federal court decision is likely to redress the injury. See Northeastern Florida Contractors v. City of Jacksonville, 508 U.S. 656, 663, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993). "[W]hen a plaintiff lacks standing the court must dismiss the case on that ground, and it is unnecessary to intimate a view as to the merits of the claim." Schiavone v. United States, 766 F.2d 70, 75 (2d Cir.1985) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 n. 6, 93 S.Ct. 1146, 35 L.Ed.2d 536(1973)).

Here, the Card Agreement attached to the FAC, which is controlling over any contrary allegation by Plaintiff, establishes that Citibank (South Dakota), N.A., and not Citibank, N.A., issued Plaintiff's Accounts. Moreover, because the only controversy at issue here relates to the Citibank Accounts, Plaintiff has alleged no wrongful conduct that is traceable to Citibank, N.A. Therefore, based on the documents that Plaintiff himself relies upon, Plaintiff has no standing to sue Citibank, N.A., and it should be dismissed from the action with prejudice and without leave to amend.

### III. The Allegations Of The Complaint Confirm That Citibank (South Dakota) Is Not A "Debt Collector" Subject To The FDCPA.

The FDCPA does not authorize blanket claims against creditors; rather, the FDCPA regulates the practices of "debt collectors," and the statute includes a specific definition of that term. See 15 U.S.C. § 1692a(6). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, ***debts owed or due or asserted to be owed or due another***." 15 U.S.C. § 1692a(6) (emphasis added).

"Thus, a plain reading of the statute reveals that generally, as a matter of law, 'creditors are not subject to the FDCPA.'" Doherty v. Citibank (South Dakota) N.A., 375 F. Supp. 2d 158, 161-62 (E.D.N.Y. 2005) (quoting Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir.1998)); accord Schmitt v. FMA Alliance, 398 F.3d 995, 998 (8th Cir. 2005) ("A distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all."); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . .") (internal quotations and citation omitted).  Accordingly, it is well established that a company collecting debts owed to itself, like Citibank (South Dakota) is alleged to have done here, is not a debt collector.  See, e.g., Aubert v. American Gen. Fin., Inc., 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection ... are not subject to the" FDCPA.); Harrison v. NBD Inc., 968 F. Supp. 837, 843 (E.D.N.Y. 1997); Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106 (6th Cir. 1996) ("a debt collector does not include the consumer's creditors") (quoting Perry, 756 F.2d at 1208); Shamburger v. Grand Casino of Mississippi, Inc., 84 F. Supp. 2d 794, 801 (S.D. Miss. 1998); Thomasson v. Bank One, Louisiana, N.A., 137 F. Supp. 2d 721, 724 (E.D. La. 2001) (holding that bank attempting to collect its own debts was not a "debt collector").  Even the Federal Trade Commission's Official Staff Commentary on the FDCPA instructs that a "debt collector" does not include a "credit card issuer that collects its cardholder's account . . . because the issuer is collecting its own debts, not those owed or due another." 53 Fed. Reg. 50,087, 50,102 (1988).

It is fundamental that "courts dismiss for failure to state a claim suits brought under the FDCPA against credit card companies or banks that extend credit and attempt to collect the unpaid debt." Duncan v. Citibank (South Dakota), N.A., No. Civ. 06-0246 JB/KBM, 2006 WL 4063022, at *3 (D.N.M. Jun. 30, 2006); Lewis v. ACB Bus. Servs, Inc., 135 F.3d 389, 411 (6th Cir. 1998) (holding that credit card company "is primarily in the business of extending credit" rather than collecting debt and thus is not a debt collector under the FDCPA); Montgomery v. Huntington Bank, 346 F.3d 693, 698-99 (6th Cir. 2003) (bank repossessing collateral was not a "debt collector" under the FDCPA); see, e.g., Rowe v. Educational Credit Management Corp., 465 F. Supp. 2d 1101, 1103 (D.Or. 2006) (granting motion to dismiss FDCPA claim because defendant, a student loan guaranty agency, was not a "debt collector" under FDCPA).

Applying this black letter law, courts have routinely dismissed cases brought against Citibank (South Dakota) and its affiliates under the FDCPA for the very reason that Citibank is not a "debt collector." See, e.g., Pacheco v. Citibank (South Dakota), N.A., 2007 WL 1241934, *1; Doherty v. Citibank (South Dakota) N.A., 375 F. Supp. 2d at 162; Duncan v. Citibank (South Dakota) N.A., 2006 WL 4063022, at *3; Kloth v. Citibank (South Dakota), N.A., 33 F. Supp. 2d 115, 119 (D. Conn. 1998); Meads v. Citicorp Credit Services, Inc., 686 F. Supp. 330, 333-34 (S.D. Ga. 1988); Murray v. Citibank (South Dakota), N.A. and NCO Financial Systems, Inc., No. 04 C 3294, 2004 WL 2367742 at *2 (N.D. Ill. October 19, 2004); Ray v. Citibank (South Dakota), N.A., 187 F. Supp. 2d 719, 722 (W.D. Ky. 2001); Pavone v. Citicorp Credit Servs., Inc., 60 F. Supp. 2d 1040, 1047-48 (S.D. Cal. 1997); Sankowski v. Citibank (South Dakota), N.A., Civil Action No. 06-CV-02469, 2006 WL 2037463 (E.D. Pa. July 14, 2006); Dahlhammer v. Citibank (South Dakota) N.A., No. 05-CV-1749, 2006 U.S. Dist. LEXIS 86859 (M.D. Pa.

Nov. 30, 2006); <u>Brown v. Citibank (South Dakota), N.A.</u>, No. 5:06-cv-123-FL, 2006 U.S. Dist.

LEXIS 82785 (E.D.N.C. Oct. 19, 2006).

Here, Plaintiff fails to allege <u>any</u> facts establishing that Citibank (South Dakota) is a

"debt collector" under the FDCPA.  To the contrary, Plaintiff expressly alleges that that Citibank

(South Dakota) issued the Accounts and attempted to collect on such Accounts from Plaintiff.

FAC, ¶¶ 8-10, 13-23.  Thus, construing Plaintiff's allegations as true, such allegations establish

that any alleged conduct by Citibank (South Dakota) was undertaken as a "creditor," and not a

"debt collector."   Given these admissions, Plaintiff simply cannot allege any facts establishing

that Citibank (South Dakota) somehow acted as a "debt collector" subject to the FCDPA.

Accordingly, Plaintiff's FDCPA claim against Citibank (South Dakota) fails as a matter

of law and the First Count should be dismissed without leave to amend.

**IV.   Plaintiff's Claims Based On New York Law Fail Because Of The South Dakota Choice-Of-Law Provision Contained In Plaintiff's Card Agreement.**

Federal courts sitting in diversity apply the choice-of-law rules of the forum location.

<u>Klaxon Co. v. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 496 (1941); <u>Wall v. CSX Transp., Inc.</u>, 471

F.3d 410, 415 (2d Cir. 2006).  Under New York choice-of-law rules, where parties enter into a

contract and expressly agree on the governing law, "New York courts give 'great deference' to

that choice and will apply the chosen substantive law unless 'the jurisdiction whose law is to be

applied has no reasonable relation to the agreement or where enforcement of the provision would

violate a fundamental public policy.'"  <u>Architectronics, Inc. v. Control Sys. Inc.</u>, 935 F.Supp.

425, 431 (S.D.N.Y. 1996) (<u>quoting</u> <u>Am. Special Risk Ins. Co. v. Delta Am. Re Ins. Co.</u>, 836

F.Supp. 183, 188 (S.D.N.Y. 1993); <u>see also</u> <u>Hartford Fire Ins. Co. v. Orient Overseas Containers</u>

<u>Lines (UK) Ltd.</u>, 230 F.3d 549, 556 (2d Cir.2000) ("New York law is clear in cases involving a

contract with an express choice-of-law provision: Absent fraud or violation of public policy, a

court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction.").

Here, Citibank (South Dakota) is a national bank located in South Dakota, and issues Plaintiff's Account in South Dakota subject to South Dakota and federal law. See Smiley v. Citibank (South Dakota), N.A., 517 U.S. 735, 737-38, 744, 116 S. Ct. 1730, 135 L. Ed. 2d 25 (1996) (recognizing that Citibank (South Dakota) is a national bank and its home state is South Dakota); OCC Interpretive Letter No. 452 (Apr. 11, 1989), 8 No. 1 OCC Q.J. 77, 1989 WL 451256, at *1 (confirming that Citibank (South Dakota)'s home state is South Dakota and that the laws of South Dakota determine the applicable interest charges for Citibank). Accordingly, the Card Agreement expressly provides that "[t]he terms and enforcement of this Agreement shall be governed by federal law and the law of South Dakota, where we are located." FAC, Ex. A, p. 15. Based on the undisputed significant contacts between South Dakota and Plaintiff's Accounts, the choice-of-law provision is fully enforceable here. Therefore, to the extent Plaintiff's claims are asserted under New York law -- including the Second, Third Counts, and potentially the Fifth, Sixth and Seventh Counts -- those claims are defeated based on the choice-of-law provision as a matter of law.

**V.     There Is No Private Right Of Action Under GBL § 601.**

In addition to being barred by the South Dakota choice-of-law provision in the Card Agreement, Plaintiff's Second Count for violation of GBL § 601 fails as a matter of law because there is no private right of action under the statute. "The New York Court of Appeals has stated unequivocally that Section 601 does not supply a private cause of action." Conboy v. AT&T Corp., 241 F.2d 242, 258 (2d Cir. 258); see Varela v. Investors Ins. Holding Corp., 81 N.Y.2d 958, 961, 598 N.Y.S.2d 761, 762, 615 N.E.2d 218 (1993) (explaining that Article 29 H of the

General Business Law, which includes Section 601, "authorizes only the Attorney General or a District Attorney to commence an action for violation of its provisions"). Therefore, Plaintiff's Second Count for violation of GBL § 601 should be dismissed with prejudice and without leave to amend.

## VI.    Plaintiff's Third Count For Violation Of GBL § 349 Fails To State Any Claim.

In his Third Count, Plaintiff alleges that "defendants repeatedly and persistently engaged in deceptive business practices in the billing and collection of credit card services against the plaintiff and his class." Compl., ¶ 47. GBL § 349 "declares unlawful 'deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.'" Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 51 (2d Cir. 1992) (internal brackets omitted) (quoting GBL § 349(a)). "A plaintiff under section 349 must prove three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." Stutman v. Chem. Bank, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000) (citations omitted); accord Maurizio v. Goldsmith, 230 F.3d 518, 521-22 (2d Cir. 2000); Lava Trading Inc. v. Hartford Fire Ins. Co., No. 03 Civ. 7037(PKC), 2004 WL 555723, at *3 (S.D.N.Y. Mar. 19, 2004); Smith v. Chase Manhattan Bank, USA, N.A., 293 A.D.2d 598, 741 N.Y.S.2d 100, 102 (2d Dep't 2002). "In addition, a plaintiff must prove 'actual' injury to recover under the statute, though not necessarily pecuniary harm." Stutman, 95 N.Y.2d at 29, 709 N.Y.S.2d 892, 731 N.E.2d 608. Plaintiff's GBL § 349 claim fails for several reasons

First, as discussed above, Plaintiff's GBL § 349 claim (a claim based on New York law) is defeated based on the South Dakota choice-of-law provision contained in the Card Agreement relied upon by Plaintiff. See Compl., Ex. A, p. 15.

11

Second, the GBL § 349 claim, which is based on the same conduct underlying Plaintiff's defective GBL § 601 claim, is nothing more than an improper attempt to circumvent the Legislature's decision not to provide a private right of action under GBL § 601. As recognized by the Second Circuit:

> The New York Court of Appeals has stated unequivocally that Section 601 does not supply a private cause of action. . . . Plaintiffs cannot circumvent this result by claiming that a Section 601 violation is actionable under Section 349. As the District Court well explained:
>
>> Allowing plaintiffs to plead a cause of action under Section 601(6) by alleging that a violation of that statute necessarily constitutes a deceptive act under Section 349 appears contrary to the New York Legislature's intent and inconsistent with the statutory scheme. The Legislature, by creating a private right of action to enforce Section 349, clearly did not intend to authorize private enforcement of Section 601, especially where Section 601 contains its own enforcement provision which explicitly dictates who can enforce that section.
>
> Conboy, 84 F.Supp.2d at 506. In other words, plaintiffs cannot thwart legislative intent by couching a Section 601 claim as a Section 349 claim.

Conboy, 241 F.3d at 258. Similarly, Plaintiff's GBL § 349 claim is barred here as a matter of law.

Third, Plaintiff fails to allege any material, "deceptive" conduct. Plaintiff alleges that Citibank (South Dakota) supposedly did not comply with its obligations under the Card Agreement (allegations that Citibank denies), but alleges no actual deceptive conduct. Because a GBL § 349 violation "requires a defendant to mislead the plaintiff in some material way" (see Stutman v. Chemical Bank, 95 N.Y.2d 24, 29, 709 N.Y.S.2d 892, 895, 731 N.E.2d 608 (2000)), and because plaintiffs have not alleged any deception here, the Third Count should be dismissed without leave to amend.

Fourth, to the extent Plaintiff's GBL § 349 claim purports to challenge Citibank (South Dakota)'s handling of the Accounts, or the interest rates charged thereon, Plaintiff's claims are

expressly preempted by federal law under the National Bank Act, 12 U.S.C. § 21, et seq. (the "NBA"), and regulations issued by the Office of the Comptroller of the Currency ("OCC").[3]

The NBA was enacted to establish a national banking system, free from excessive state regulation. See Marquette Nat'l Bank v. First of Omaha Serv. Corp., 439 U.S. 299, 314-15, 99 S. Ct. 540, 58 L. Ed. 2d 534 (1978). "State attempts to control the conduct of national banks are void if they conflict with federal law, frustrate the purposes of the [NBA], or impair the efficiency of national banks to discharge their duties." Bank of America v. San Fran., 309 F.3d 551, 558-59 (9th Cir. 2002); accord Barnett Bank of Marion County v. Nelson, 517 U.S. 25, 33, 116 S. Ct. 1103, 134 L. Ed. 2d 237 (1996); First Nat'l Bank v. Cal., 262 U.S. 366, 369, 43 S. Ct. 602, 67 L. Ed. 1030 (1923). Moreover, "'because there has been a "history of significant federal presence" in national banking, the presumption against preemption of state law is inapplicable.'" American Bankers Ass'n v. Lockyer, 239 F. Supp. 2d 1000, 1016 (E.D. Cal. 2002) (quoting Bank of America, 309 F.3d at 559). In fact, when analyzing whether a state law conflicts with the powers granted under 12 U.S.C. § 24 (Seventh), "the court proceeds with the understanding that the ordinary rule is one of preemption of contrary state law." Id.

Federal regulations issued by the OCC mandate that "state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized non-real estate lending powers are not applicable to national banks." 12 C.F.R. § 7.4008(d)(1). Furthermore, "[a] national bank may make non-real estate loans without regard to state law limitations concerning: …: (iv) The terms of credit, including the schedule for repayment of principal and interest, … payments due, minimum payments …; [and] (x) Rates of interest on loans." 12

---

[3] "The OCC is the federal agency charged with implementing federal banking regulations" for national banks. Abel v. Keybank USA, 313 F. Supp. 2d 720, 727 (N.D. Ohio 2004). "It is well established that, in addition to actions taken by Congress, federal regulations enacted by federal agencies may preempt state law." Id. at 723 (citing Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153, 102 S. Ct. 3014, 73 L. Ed. 2d 664 (1982)).

C.F.R. § 7.4008 (footnotes omitted); <u>accord</u> OCC Final Rule, 69 Fed. Reg. 1904, 1904-05 (Jan.

13, 2004) (discussing broad preemption principles under NBA).[4]

Federal preemption also applies to the interest rates charged by national banks, like

Citibank (South Dakota). <u>See</u> <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 11, 123 S. Ct.

2058, 2064, 156 L. Ed. 2d 1 (2003) (discussing NBA preemption of state usury laws) ([B]ecause

[Sections] 85 and 86 provide the exclusive cause of action for such claims, there is, in short, no

such thing as a state-law claim of usury against a national bank."); <u>see also</u> <u>Smiley v. Citibank</u>

<u>(South Dakota), N.A.</u>, 517 U.S. at 744 ("[T]here is no doubt that § 85 pre-empts state law.");

<u>Marquette Nat'l Bank</u>, 439 U.S. at 315 ("The interest rate that [a national bank] may charge in its

[credit card] program is thus governed by federal law."); 12 U.S.C. §§ 85, 86.

Based on the foregoing authority, any attempt by Plaintiff to use GBL § 349 to challenge

the credit card lending practices of, or the interest rates charged by, Citibank (South Dakota)

would be barred by federal preemption.

## VII. Plaintiff's Fifth Count For Breach Of Fiduciary Duty Fails As A Matter Of Law Because The Only Relationship Between Plaintiff And Citibank (South Dakota) Is A Creditor/Debtor Relationship.

Plaintiff cannot state a claim against Citibank (South Dakota) for breach of fiduciary duty

because, under applicable South Dakota law, the relationship between a lender and a debtor does

not, by itself, create a fiduciary relationship. <u>See</u> <u>LBM, Inc. v. Rushmore State Bank</u>, 543

N.W.2d 780, 785 (S.D. 1996). Rather, "the relationship between a bank and its borrower is

generally considered to be a debtor-creditor relationship 'which imposes no special or fiduciary

---

[4] Even facially neutral state laws, such as state consumer protection laws, are preempted if, as applied in a particular case, the laws would impermissibly obstruct a national bank's or federal savings association's authorized operations. Courts analyzing preemption under the NBA frequently have found that state laws obstructing the activities of a national bank are preempted. <u>See, e.g.</u>, <u>Augustine v. FIA Card Services, N.A.</u>, 485 F. Supp. 2d 1172, 1175-76 (E.D. Cal. 2007) (holding that unfair and deceptive practice claims predicated on credit card issuer's practice of increasing interest rates and disclosure of such practices were expressly preempted under 12 C.F.R. § 7.4008(d)(2)(iv), (x) as such claims specifically "seek to change the terms of credit provided in Defendant's Cardholder Agreement").

duties on a bank.'" <u>Cowan Brothers, L.L.C. v. American State Bank</u>, -- N.W.2d --, 2007 WL

4481932, *6 (S.D. Dec. 19, 2007) (quoting <u>LBM</u> and <u>Waddell v. Dewey County Bank</u>, 471

N.W.2d 591, 593 (S.D.1991)).[5]

 Here, the only allegations that Plaintiff makes regarding a "fiduciary" relationship are

those alleging that "Plaintiff was a customer of said defendants via its consumer product,

CitiCard MasterCard." Such allegations clearly are insufficient to allege a fiduciary relationship,

let alone state a claim for breach of fiduciary duty. Thus, the Fifth Count should be dismissed

without leave to amend.

## VIII. Plaintiff's Sixth Count For Fraud Fails To State A Claim.

 Under South Dakota law, a claim a fraud requires the plaintiff to plead with specificity

facts establishing "[a] representation made as a statement of fact, which is untrue and

intentionally or recklessly made: 1. With intent to deceive for the purpose of inducing the other

party to act upon it; 2. Reliance upon the untrue statement of fact; [and] 3. Resulting in injury or

damage. <u>Grynberg v. Citation Oil and Gas Corp.</u>, 573 N.W.2d 493, 502 (S.D. 1997); <u>accord</u>

<u>Holy Cross Parish v. Huether</u>, 308 N.W.2d 575, 576 (S.D.1981); SDCL 20-10-1.

 Critically here, "representations as to future events are not actionable and false

representations must be of past or existing facts." <u>Meyer v. Santema</u>, 559 N.W.2d 251, 255 (S.D.

1997) (citing <u>Aschoff v. Mobil Oil Corp.</u>, 261 N.W.2d 120, 124 (S.D.1977)).

"A party cannot justifiably rely upon conjecture about future events." <u>Gatz v. Frank M.</u>

<u>Langenfeld & Sons Constr. Inc.</u>, 356 N.W.2d 716, 718 (Minn.Ct.App.1984) (cited with approval

in <u>Meyer</u>, 559 N.W.2d at 255 n. 5).[6]

---

[5] Although it does not apply, New York law is in accord. <u>Bank Leumi Trust Co. of N.Y. v. Block 3102 Corp.</u>, 180
A.D.2d 588, 580 N.Y.S.2d 299, 301 (1st Dep't 1992) ("The legal relationship between a borrower and a bank is a
contractual one of debtor and creditor and does not create a fiduciary relationship between the bank and its
borrower....").

The only alleged "misrepresentation" relied upon by Plaintiff (which is not pled with the requisite specificity) is that Citibank (South Dakota) purportedly represented through the Card Agreement that it "would use lawful and good faith efforts to address errors and problems that could arise in plaintiff's CitiCard MasterCard accounts." Compl., ¶ 16. Such a "representation" (which is nothing more than a contractual agreement to attempt to resolve disputes in good faith) is not a representation as to a past or existing fact. It is a representation as to a future event -- how Citibank (South Dakota) will proceed with respect to any potential disputes. This does not support a valid claim for fraud. Accordingly, Plaintiff's Sixth Count should be dismissed for failure to state a claim.

## IX.    Plaintiff's Seventh Count For "Outrageous Conduct" Fails To State A Claim.

Although Plaintiff alleges a claim for "outrageous conduct," no such claim is recognized under South Dakota law. Accordingly, the Seventh Count should be dismissed.

To the extent Plaintiff seeks to assert a claim for intentional infliction of emotional distress ("IIED"), his Complaint fails to allege facts sufficient to state a claim. Under South Dakota law, a cause of action for IIED requires a plaintiff to plead and prove: "(1) an act by the defendant amounting to extreme and outrageous conduct; (2) intent on the part of the defendant to cause the plaintiff severe emotional distress; (3) the defendant's conduct was the cause in-fact of plaintiff's distress; and (4) the plaintiff suffered an extreme disabling emotional response to defendant's conduct." Anderson v. First Century Federal Credit Union, 738 N.W.2d 40, 51-52

---

[6] New York law is in accord. To state a claim for fraud, plaintiff must allege a misrepresentation of a material existing fact, falsity, scienter, deception, and injury. New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 318 (1995). A claim for fraud that merely states a breach of contract claim may not be maintained. See Orix Credit Alliance, Inc. v. R.E. Hable Co., 256 A.D.2d 114,115 (1st Dept 1998). Rather, a "viable claim of fraud concerning a contract must allege misrepresentations of present facts (rather than merely of future intent) that were collateral to the contract and which induced the allegedly defrauded party to enter into the contract." Id. (citing Deerfield Communications Corp. v. Chesebrough-Ponds, Inc., 68 N.Y.2d 954, 956 (1986)); accord First Bank of Ams. v. Motor Car Funding, Inc., 257 A.D.2d 287 (1st Dept 1999) (a mere insincere promise of future performance cannot support a fraud claim).

(S.D. 2007) (citing Nelson v. WEB Water Dev. Ass'n, Inc., 507 N.W.2d 691, 698 (S.D.1993)).

Furthermore, the court initially determines whether a party's conduct may be reasonably regarded

as so extreme and outrageous as to permit recovery.  Kjerstad v. Ravellette Publications, Inc.,

517 N.W.2d 419, 429 (S.D.1994). "Extreme and outrageous conduct" is defined as "conduct

exceeding all bounds usually tolerated by decent society and which is of a nature especially

calculated to cause, and does cause, mental distress of a very serious kind." Richardson v. East

River Elec. Power Coop., Inc., 531 N.W.2d 23, 27 (S.D.1995) (quoting Tibke v. McDougall, 479

N.W.2d 898, 907 (S.D.1992)).  As a general matter, merely attempting to collect on a debt, even

through numerous telephone calls or other contacts, cannot establish "outrageous conduct" as a

matter of law.  See, e.g., Citibank (S.D.), N.A. v. Hauff, 668 N.W.2d 528 (S.D. 2003).

The Second Circuit, in the specific context of a debt collection case, has previously held

that the standard for pleading an IIED claim is demanding:

> As New York's highest court has observed, the standard for stating a valid claim
> of intentional infliction of emotional distress is "rigorous and difficult to satisfy."
> Howell v. New York Post Co., 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 353, 612
> N.E.2d 699 (1993) (citations omitted).

Conboy v. AT&T Corp., 241 F.3d 242, 258-59 (2d Cir. 2001).  In Conboy, the plaintiffs tried to

bring their IIED claim based on alleged debt collection activities, and the Second Circuit held

that they could not satisfy the element of alleging "extreme and outrageous conduct," as required

to state such a claim under New York law:

> Plaintiffs were not physically threatened, verbally abused, or publicly humiliated
> in any manner. … They were only harassed with numerous telephone calls from
> debt collectors.  This conduct is not so outrageous as to "go beyond all possible
> bounds of decency" or to be regarded as "utterly intolerable in a civilized
> society."

Id. (quoting Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999)).

In this case, plaintiff's factual allegations are of the same nature as those rejected by the Second Circuit in <u>Conboy</u>.  In short, Plaintiff claims that Citibank (South Dakota) made attempts to collect on the Accounts and furnished information to credit reporting agencies regarding Plaintiff's failure to pay the Accounts.  Compl. ¶¶ 22-25.  As in <u>Conboy</u>, this conduct cannot satisfy the requirement of pleading "extreme and outrageous conduct."  For this reason, Count VII should be dismissed.

## Conclusion

For all of the foregoing reasons, Citibank (South Dakota) and Citibank, N.A. respectfully request that this Court dismiss the FAC with prejudice as against Citibank, N.A. and dismiss the First, Second, Third, Fifth, Sixth and Seventh Counts with prejudice as against Citibank (South Dakota).

Dated: New York, New York
      February 21, 2008

           ELLENOFF GROSSMAN & SCHOLE LLP
           *Attorneys for Defendant Citibank (South Dakota), N.A. and Citibank, N.A.*

           By:  _____
               Anthony Galano, III, Esq. (AG-9950)
           370 Lexington Avenue, 19th Floor
           New York, New York 10017
           (212) 370-1300

To:    James Williams
       P.O. Box 4082
       Grand Central Station
       New York, NY 10163

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK        }
                                          }        ss.:
COUNTY OF NEW YORK   }

SEVIL UNAY, being duly sworn, deposes and says:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.

On February 21, 2008, deponent served the within **Defendants' Memorandum of Law in Support of Its Rule 12(b)(6) Motion to Dismiss** by mailing the same in a sealed envelope, by U.S First Class mail, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address, of the addressee(s) as indicated below:

TO:     James Williams
          P.O. Box 4082
          Grand Central Station
          New York, New York 10163

_____
Sevil Unay

Sworn to before me this
21ˢᵗ Day of February, 2008

_____
Notary Public

ANTHONY GALANO III
Notary Public, State of New York
No. 02GA6002821
Qualified in New York County
Commission Expires Feb. 17, 2010

{00070287.DOC.1}