UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
JAMES WILLIAMS,                           :
                                          :
                    Plaintiff,            :
                                          :         07 Civ. 6680 (RJH)
        - against -                       :
                                          :      **<u>MEMORANDUM OPINION</u>**
CITIBANK, N.A. and CITIBANK,              :         **<u>AND ORDER</u>**
(SOUTH DAKOTA), N.A.,                     :
                                          :
                    Defendants.           :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   In this action, *pro se* plaintiff James Williams ("Plaintiff") asserts claims for, *inter alia,* unlawful debt collection practices in violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, breach of contract, and fraud in connection with actions taken by Defendants Citibank N.A. and Citibank (South Dakota) N.A. ("Citibank South Dakota") (collectively "Defendants") with respect to two credit card accounts issued to Plaintiff by Citibank South Dakota.

   Defendants have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss with prejudice all of Plaintiff's claims except Plaintiff's breach of contract claim against Citibank South Dakota. For the reasons set forth below, the Court dismisses Plaintiff's federal cause of action but grants Plaintiff leave to amend his complaint in the event that he is able to state a viable claim against one or both defendants under the FDCPA.

## PLAINTIFF'S AMENDED COMPLAINT

The governing pleading in this action is Plaintiff's Amended Complaint, filed on November 12, 2007.  As Plaintiff is proceeding *pro se*, the Court must read his pleadings liberally to state the strongest claims they suggest.  *See McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)).

Plaintiff alleges he was the holder of two Citibank MasterCard credit card accounts:  the "7065 account," and the "2606 account."[1]  (Am. Compl. ¶ 8.)  Plaintiff alleges that he made timely payments on both accounts, specifically including those for the June 2006 statement period, which he paid on July 3, 2006.[2]  (*Id.* at ¶ 17.)

When making his payment for the June 2006 statement period on the 7065 account, Plaintiff inadvertently underpaid by fifty cents.[3]  (*Id.* at ¶ 22.)  Soon thereafter, Citibank increased the annual percentage interest rate ("APR") applied to both of Plaintiff's accounts to 32.24%.  Plaintiff was notified of the APR increases in his July 2006 statement for the 7065 account and in his August 2006 statement for the 2606 account.  (*Id.* at ¶¶ 13, 18.)  Plaintiff alleges that the July 2006 statement for the 2606 account did not include any notification that the APR for that account had increased.  (*Id.* at ¶ 17.)  Plaintiff alleges that these APR increases, exacerbated by Citibank's failure to provide him with timely notice of the increases, made him unable to meet the required monthly minimum payments, which, as a result of the higher APR, increased from

---

[1]  "7065" and "2606" refer to the final four digits of the account numbers assigned to each account.  (Am. Compl. ¶¶ 8–9.)

[2]  According to Plaintiff, statements for each account were issued on or about the 25th of each month, with payment due by the 11th of the next month.  (*Id.* at ¶¶ 17–18.)

[3]  Plaintiff paid $130.00; the required minimum monthly payment was $130.50.  (*Id.* at ¶ 22.)

$130.50 to $334.66 on the 7065 account and from $304.05 to $673.07 on the 2606
account.  (*Id.* at ¶¶ 16, 21.)

Plaintiff proceeded to send certified letters to Citibank South Dakota, in which he
stated that he had made timely payment on each account for the June 2006 statement
period and demanded that Citibank South Dakota acknowledge receipt of the disputed
payments or "correct its alleged non-payment" by Plaintiff.  (*Id.* at ¶¶ 14, 19.)  Citibank
South Dakota did not respond to inform Plaintiff that it had received his June 2006
payments, nor did Citibank South Dakota take action to "correct" Plaintiff's account.
(*Id.*)  Instead, Plaintiff alleges, Defendants went on a "rampage," causing significant and
diverse harm to Plaintiff.  Specifically, Plaintiff alleges that Defendants "destroy[ed]
plaintiff's good credit record," "assess[ed] iniquitous late fees [and] over credit fees,"
charged interest rates of 32.24%, "releas[ed] confidential and personal information about
plaintiff to a sundry of collection companies countrywide," "publish[ed] plaintiff's home
telephone to a sundry of collection companies countrywide," "slander[ed] and libel[ed]
plaintiff and his credit," "engag[ed] in premeditated bombarding of plaintiff's home
telephone with over 300 threatening collection calls," and "mail[ed] threatening
collection letters to coerce payment of fraudulent fees and charges."  (*Id.* at ¶ 23.)

Based on these allegations, Plaintiff asserts claims against Defendants for
(1) unlawful debt collection practices in violation of 15 U.S.C. § 1692, (2) unlawful debt
collection practices under New York General Business Law Article 29-H § 601,
(3) deceptive business practices in violation of New York General Business Law Article
22-A § 349, (4) breach of contract, (5) breach of fiduciary duty, (6) fraud and

(7) "outrageous conduct." Plaintiff seeks declaratory relief and money damages as detailed in his complaint. (*Id.* at 18–19.)[4]

## ANALYSIS

### I. Standard for Deciding a Rule 12(b)(6) Motion to Dismiss

Defendants have moved to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A complaint generally need only contain a "short and plain statement of the claim showing that the Plaintiff is entitled to relief" to satisfy federal notice pleading requirements. Fed. R. Civ. P. 8(a); *Gregory v. Daly*, 243 F.3d 687, 692 (2d Cir. 2001). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A court's belief or disbelief in a complaint's factual allegations or its belief that a "recovery is very remote and unlikely" does not factor into a decision under Rule 12(b)(6). *See id.* Furthermore, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citation omitted). Therefore, the Court must read Plaintiff's Complaint liberally. *See McPherson,* 174 F.3d at 280.

---

[4] In some sections of his pleadings, Plaintiff purports to bring this action as a class action. (*E.g.,* Am. Compl. 1, ¶¶ 47, 72.) "A *pro se* plaintiff may not seek to represent the interests of third-parties." *See Rodriguez v. Eastman Kodak Co.*, 88 Fed. Appx. 470, 471 (2d Cir. 2004) (citing *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998)). Therefore, the Court will interpret Plaintiff's complaint as asserting only causes of action on his own behalf.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007)).  In considering a Rule 12(b)(6) motion to dismiss, the Court "'must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party.'"  *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (quoting *Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 591–92 (2d Cir. 2007)).  However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations."  *See, e.g., In re NYSE Specialists Sec. Litig.,* 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted).  The court is also not required to credit conclusory statements unsupported by factual allegations. *See, e.g., Otor, S.A. v. Credit Lyonnais, S.A.,* No. 1:04-CV-6978(RO), 2006 WL 2613775, at *2 (S.D.N.Y. Sept. 11, 2006); *see also Davey v. Jones,* No. 1:06-CV-4206(DC), 2007 WL 1378428, at *2 (S.D.N.Y. May 11, 2007) (citation omitted) ("[B]ald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.").

In addition to the factual allegations in the complaint, the Court may also consider "'any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference,'" as well as any document not attached or incorporated by reference if "the complaint 'relies heavily upon its terms and effect,' [rendering] the document 'integral' to the complaint."  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal citations omitted) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).  "The court need not accept as true

5

an allegation that is contradicted by documents on which the complaint relies." *In re Bristol-Myers Squibb Sec. Litig.,* 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004); *see also Rapoport v. Asia Elecs. Holding Co.,* 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) ("If these documents contradict the allegations of the amended complaint, the documents control."); *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) ("If a plaintiff's allegations are contradicted by [a document attached to the complaint as an exhibit], those allegations are insufficient to defeat a [Rule 12(b)(6)] motion to dismiss.").

## II.    Claims Under The FDCPA

Plaintiff claims that Defendants violated numerous provisions of sections 1692e, 1692f, and 1692g of the FDCPA,[5] 15 U.S.C. § 1692, through communications with Plaintiff via telephone and mail regarding his credit card debts in which Defendants, *inter*

---

[5]    Specifically, Plaintiff asserts violations of 15 U.S.C. §§ 1692e, 1692e(2), (4), (5), (10), and (11), 1692f, 1692f(6), and 1692g.

15 U.S.C. § 1692e prohibits "debt collector[s]" from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt." It also specifically proscribes a number of specific acts and/or representations, including "[t]he false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), "[t]he representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and [intended to be taken]," 15 U.S.C. § 1692e(4), "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10), "[t]he failure to disclose in the initial . . . communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

15 U.S.C. § 1692f prohibits "debt collector[s]" from using "unfair or unconscionable means to collect or attempt to collect any debt," and specifically proscribes "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest [or] . . . there is no present intention to take possession of the property." 15 U.S.C. § 1692f(6).

15 U.S.C. § 1692g requires "debt collector[s]" to send written notice to consumers who are contacted; the notice must include, *inter alia*, a statement that unless the consumer disputes the debt within thirty days, the debt collector will assume the debt to be valid. 15 U.S.C. § 1692g(a)(3). During this thirty day period, the debt collector may not engage in any collection activities or communications that "overshadow or [are] inconsistent with the disclosure of the consumer's right to dispute the debt." 15 U.S.C. § 1692g(b).

*alia*, falsely represented the character and amount of Plaintiff's debt, made unlawful and/or false threats of legal action, and failed to inform Plaintiff that telephone contacts were for the purpose of collecting a debt and that information received would be used for that purpose. (Am. Compl. ¶¶ 27–39.) Defendants move to dismiss these claims on the grounds that they are not "debt collectors" subject to the FDCPA. (Defs.' Br. 5–6.)

All of the FDCPA provisions Defendants are alleged to have violated address the activities of "debt collectors." *See* 15 U.S.C. §§ 1692e–1692g. The statute defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

"As a general matter, creditors are not subject to the FDCPA."[6] *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998); *see* 15 U.S.C. § 1692a(6)(F) (excluding from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person"); *Schmitt v. FMA Alliance,* 398 F.3d 995, 998 (8th Cir. 2005) (holding that the FDCPA "does not regulate creditors' activities at all" (quoting *Randolph v. I.M.B.S., Inc.,* 368 F.3d 726, 729 (7th Cir. 2004))).

---

[6] A "creditor" is defined in the FDCPA as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a. The FDCPA applies to debt collectors and not "creditors" because debt collectors, unlike creditors, are not constrained in their actions by the risk that a negative reputation regarding debt collection practices might threaten their continued access to new borrowers. *See Harrison v. NBD Inc.,* 968 F. Supp. 837, 841 (E.D.N.Y. 1997) (citation omitted) (discussing the legislative intent behind the FDCPA).

The FDCPA also excludes from its definition of "debt collector" officers or employees of a creditor working to collect a debt in the creditor's name, 15 U.S.C. § 1692a(6)(A), and any entity acting as a debt collector for another entity where both entities are "related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts." *Id.* at § 1692a(6)(B). Further, the mere fact that a creditor employs a debt collector to recover its debts does not make the creditor vicariously liable for the acts of the debt collector. *Kolari v. New York-Presbyterian Hosp.*, 382 F. Supp. 2d 562, 573 (E.D.N.Y. 2005), *rev'd in part on other grounds*, 455 F.3d 118 (2d Cir. 2006) (citing *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir. 1996)); *Doherty v. Citibank (South Dakota), N.A.,* 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005).[7]

Under the "false name exception" a creditor becomes subject to the FDCPA if, "'in the process of collecting his own debts, [the creditor] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.'" *Mazzei v. Money Store*, 349 F. Supp. 2d 651, 658–60 (S.D.N.Y. 2004) (quoting 15 U.S.C. § 1692a(6)). "A creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, 'pretends to be someone else,' or 'uses a pseudonym or alias,'" *Maguire*, 147 F.3d at 235 (quoting *Villarreal v. Snow*, No. 1:95-CV-2484(RRP), 1996 WL 473386, at *3 (N.D. Ill. Aug. 19, 1996)), or when a creditor "owns and controls the [pseudonymous] debt collector, rendering it the

---

[7]  The FTC has stated that no FDCPA violation by the creditor occurs "where an affiliated (and differently named) debt collector undertakes collection activity, if the debt collector does business separately from the creditor (e.g., where the debt collector in fact has other clients that he treats similarly to the creditor, has his own employees, deals at arms length with the creditor, and controls the process himself)." Staff Commentary On the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,107 (Dec. 13, 1988).

creditor's alter ego." *Mazzei,* 349 F. Supp. 2d at 659 (citing *Maguire*, 147 F.3d at 234–36). The "false name exception" is triggered if the "least sophisticated consumer would have the false impression that a third party was collecting the debt." *Maguire*, 147 F.3d at 236 ("This objective standard is designed to protect all consumers, 'the gullible as well as the shrewd,' while at the same time protecting debt collectors from liability for 'bizarre or idiosyncratic interpretations of collection notices.'" (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318–20 (2d Cir. 1993))).

According to Plaintiff's Amended Complaint, he was a customer of both defendants via their "franchised consumer product CitiCard MasterCard." (Am. Compl. ¶ 5.) Plaintiff further alleges that Citibank N.A. and Citibank South Dakota are under common ownership and control and that Citibank N.A. was the "principal creditor" of his accounts, while Citibank South Dakota was its agent. (*Id.* at ¶¶ 7, 42.) Plaintiff alleges that Citibank South Dakota maintains Citibank N.A.'s CitiCard operations, performing billing, payment processing, customer service, and collections. (*Id.* at ¶ 7.)[8]

Plaintiff's Amended Complaint does not allege facts indicating that either defendant was a "debt collector" subject to the FDCPA, as is necessary to state a claim against Defendants. *See Doherty*, 375 F. Supp. 2d at 162 (granting motion to dismiss where the plaintiff did not allege that defendants were "debt collectors"); *Fashakin v. Nextel Commc'ns,* No. 1:05-CV-3080 (SLT), 2006 WL 1875341, at *3 (E.D.N.Y. July 5,

---

[8]  Plaintiff's Credit Card Agreement, which is attached to the Complaint, is arguably inconsistent with Plaintiff's account, as it describes Citibank South Dakota, not Citibank N.A., as the creditor and "issuer" of the account. (*See* Am. Compl. ¶ 10, Ex. A at 1.) The FDCPA violations alleged by Plaintiff are that Defendants engaged in improper debt collection activities against him via telephone and U.S. Mail for debts associated with his CitiCard Mastercard accounts. (*Id.* at ¶¶ 23, 28–39.) As discussed below, Plaintiff fails to state a claim against a creditor or its affiliated agent acting to collect the creditor's debts under the creditor's name, because the FDCPA applies to neither a creditor nor such an agent. Therefore, the Court's conclusion is the same regardless of which Defendant was actually the issuer of Plaintiff's accounts.

9

2006) (holding that no claim is stated under the FDCPA when plaintiff fails to allege that defendants are "debt collectors" under the FDCPA or allege facts that could so demonstrate).  As noted, the FDCPA does not apply to a creditor or to a "debt collector" attempting to collect a debt for another entity "related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts."  15 U.S.C. § 1692a(6)(B).  Plaintiff specifically alleges that Citibank N.A. is a creditor and that Citibank South Dakota is an "agent" of that creditor under common ownership and control that uses the name "Citibank" to collect debts owed to the creditor.  (Am. Compl. ¶¶ 7, 8, 17.)  Plaintiff's Amended Complaint cannot be read to allege that Citibank South Dakota collects debts for other, unrelated entities or that its principal business is debt collection.  To the contrary, Plaintiff alleges that Citibank South Dakota is the agent of Citibank N.A. and that Citibank South Dakota maintains Citibank N.A.'s CitiCard operations, performing various services including collection.  (*Id.* at ¶¶ 7, 42.)  Thus, even if the Court accepts *arguendo* that Citibank South Dakota is the collection unit of Citibank N.A., Citibank South Dakota is not a "debt collector" under the FDCPA as it performs various services other than collection.  Therefore, Plaintiff fails to state a claim under the FDCPA against either defendant.  *See Singleton v. Montgomery Ward Credit Corp.*, No. 1:99-CV-8310(WRA), 2000 WL 1810012, at *2 (N.D. Ill. 2000) (granting Rule 12(b)(6) motion to dismiss where the plaintiff "did not contest" that the defendants "only work[ed] for affiliated corporations and that the principal business of those corporations [was] not the collection of debts"); *Button v. GTE Serv. Corp.*, No. 1:96-CV-383(DWM), 1996 U.S. Dist. LEXIS 16971, at *6–*7

(W.D. Mich. Oct. 15, 1996) (holding that where the relatedness of a creditor and the party

collecting a debt is "apparent," no claim is stated under the FDCPA false name

exception).[9]

Plaintiff has also failed to plead facts indicating that the "false name exception" is

applicable, i.e., that either defendant "in the process of collecting his own debts, use[d]

any name other than his own which would indicate that a third person is collecting or

attempting to collect such debts."  15 U.S.C. § 1692a(6); *see also Button*, 1996 U.S. Dist.

LEXIS 16971, at *6 (holding that a plaintiff asserting the false name exception must

plead that he or she was misled as to the identity of the debt collector despite "'a

rudimentary amount of information about the world and a willingness to read a collection

notice with some care.'") (quoting *Clomon*, 988 F.2d at 1319).

However, Plaintiff's declaration in opposition to Defendants' motion suggests that

he may have intended to assert a claim under the "false name exception."  Plaintiff

attached to his declaration a copy of a collection letter sent by "United Collection Bureau,

Inc."; the letter requested that Plaintiff send payment to Citicorp Credit Services Inc.

(USA).  (Pl's Opp'n Ex. 1.)  Plaintiff states in his declaration that he received calls from

an entity "portraying itself [sic] that the collection was being performed by a third party,"

and that he believes these calls were made by "CitiCorp Credit Services, Inc. (USA), an

in-house collection agent, or a like entity owned or controlled by Citibank."  (*Id.* ¶¶ 12,

14.)  Plaintiff also asserts that Citicorp Credit Services, Inc. (USA) was "a separate

---

[9]   While Plaintiff may be able to state claims against unidentified third-party debt collectors, such claims would not create vicarious liability for the creditor.  *Kolari*, 382 F. Supp. 2d at 573 ("[A] creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts."); *see also Wadlington*, 76 F.3d at 108 (holding creditors should not be vicariously liable for the acts of attorneys categorized as "debt collectors").

corporate entity whose sole purpose was to collect debts as [Citibank South Dakota and/or Citibank N.A.]"  (*Id.* ¶ 14.)

Plaintiff may be capable of stating a claim against one or both defendants under the "false name exception," or against United Collection Bureau, Inc. or Citicorp Credit Services (USA) as an affiliated entity with the "principal purpose of collecting debts." 15 U.S.C. §1692a(6)(B).  However, because neither the collection letter nor the allegations regarding Citicorp Credit Services (USA) were part of or "integral" to Plaintiff's Amended Complaint, the Court may not consider them in connection with the instant motion.  *See Chambers,* 282 F.3d at 152–53 (holding documents may only be considered as a part of a complaint if they are attached as an exhibit, attached by reference or if not attached, are 'integral' to the complaint).  Further, neither United Collection Bureau, Inc or Citicorp Credit Services (USA) is a party to this action. Therefore, Plaintiff's Amended Complaint must be dismissed.  *See, e.g., Kolari*, 382 F. Supp. 2d at 573 (holding that plaintiff's complaint failed to state a claim under the FDCPA when it included no allegation supporting a finding that defendants were "debt collectors" or that the false name exception of the FDCPA applied).  While the Court is skeptical that even the "least sophisticated consumer" would believe that "Citicorp Credit Services (USA)" was a debt collector unaffiliated with the issuer of Plaintiff's CitiCard accounts, it does not address the issue of whether Defendants' debt collection under this name would trigger the FDCPA's false name exception.

The Federal Rules of Civil Procedure instruct courts that leave to amend a pleading should be freely granted if justice so requires.  Fed. R. Civ. P. 15(a)(2).  Under the present circumstances, the Court grants Plaintiff leave to amend his complaint, if he

so desires, for the limited purpose of establishing the applicability of the FDCPA "false name exception." *See Van Buskirk v. New York Times Co.*, 325 F.3d 87, 91 (2d Cir. 2003) ("[I]t is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint.").  To do so, Plaintiff must allege that one or both defendants attempted to collect Plaintiff's CitiCard MasterCard debt while either (1) using a name "which would indicate that a third person is collecting or attempting to collect such debts," or (2) acting through an alter ego, owned and controlled by the defendant(s), that uses such a name. *See Mazzei*, 349 F. Supp. 2d at 658–60.  The name allegedly used must give the "least sophisticated consumer . . . the false impression that a third party was collecting the debt." *Maguire*, 147 F.3d at 236.  Plaintiff is reminded that his allegations must allege facts sufficient "to state a claim to relief that is plausible on its face," *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008), and to give Defendants "fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp.*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court further reminds the Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 states that "presenting to the court a pleading, written motion, or other paper" constitutes a "representation to the court."  Fed R. Civ. P. 11(b).  By making a representation to the Court, an unrepresented party or attorney "certifies that to the best of the person's knowledge, information, and belief, after an inquiry reasonable under the circumstances" that (1) the pleading is not being presented for an improper purpose, (2) "the claims, defenses, and other contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for creating new law," (3) that the factual contentions presented to the

court "have evidentiary support or, if specifically so identified, will likely have

evidentiary support after a reasonable opportunity for further investigation or discovery."

*Id.* The Court is empowered and prepared to sanction any individual who submits a

pleading in violation of these provisions.

### III.     State Law Claims

The Court has dismissed the one federal claim asserted by Plaintiff, leaving only

state claims, which are asserted against both defendants.  Pursuant to 28 U.S.C.

§ 1367(c), the Court may decline to exercise pendent jurisdiction over these claims.  *See*

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the

federal claims are dismissed before trial, . . . the state claims should be dismissed as

well."); *Sadallah v. City of Utica*, 383 F.3d 34, 39–40 (2d Cir. 2004) (directing district

court to enter judgment for defendants on federal law claims and to dismiss any state law

claims without prejudice (citing *Gibbs*, 383 U.S. at 726)); *Valencia ex rel. Franco v. Lee*,

316 F.3d 299, 305 (2d Cir. 2003) ("'[I]n the usual case in which all federal-law claims

are eliminated before trial, the balance of factors to be considered under the pendent

jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point

toward declining to exercise jurisdiction over the remaining state-law claims.'" (quoting

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))).  This lawsuit is, at its

core, a state law action sounding in contract, tort, and state business law, and as such, is

more appropriately heard by a state court.  Accordingly, Plaintiff's remaining state law

claims are hereby dismissed without prejudice.  However, should Plaintiff be able to

replead to state a claim under the FDCPA, the Court will reconsider its determination

regarding pendent jurisdiction.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss [13] is granted in

part; Plaintiff's Amended Complaint is dismissed without prejudice. Plaintiff has thirty

days from the date of this Memorandum Opinion and Order to file a second amended

complaint.


SO ORDERED.

Dated: New York, New York
      July 17, 2008

                                                  Richard J. Holwell
                                      United States District Judge